# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM WIRTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 0564 |
| | ) |
| SUNG SIK CHOI, ENTERPRISE | ) Wayne R. Andersen |
| LEASING COMPANY OF CHICAGO, | ) District Judge |
| and MORAINE VALLEY | ) |
| COMMUNITY COLLEGE | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the unopposed motion of Defendant Enterprise Leasing Company of Chicago ("Enterprise") for summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff, William Wirtz filed this lawsuit against defendants Enterprise, Sung Sik Choi, and Moraine Valley Community College as a result of a December 15, 2006 motor vehicle crash. Count I of the Complaint is directed at Defendant Choi alleges that Choi was negligent in the operation of his vehicle which he rented from Enterprise. Count III of the Complaint is an agency claim against Moraine Valley Community College, Choi's employer. Count II of the Complaint is directed against Enterprise and alleges negligent entrustment of the subject vehicle to Choi. Plaintiff alleges that Enterprise negligently entrusted its vehicle into the care and custody of Choi when it knew or should have known that he was an unsafe and careless driver. Plaintiff further alleges that Enterprise did not have a proper procedure in place for checking or testing those drivers with international driver's licenses.

Enterprise rented the subject vehicle to Choi on December 14, 2006. Prior to that date, Enterprise had rented vehicles to Choi in Illinois on several occasions. Before December 15, 2006, Choi never had any incident or accident with an Enterprise vehicle. Pursuant to the rental agreement, Choi was the only authorized driver of the subject vehicle. When Enterprise entrusted Choi with the subject vehicle under the rental agreement, Choi had both a valid Korean driver's license as well as a valid International Driver's Permit.

Enterprise has filed this unopposed motion for summary judgment, arguing that the undisputed evidence shows that Enterprise could not have known that Choi was an incompetent or otherwise unfit driver when it rented him the vehicle on December 14, 2006. Therefore, Enterprise argues that it cannot be held liable for negligent entrustment of the vehicle to Choi.

## DISCUSSION

Summary judgment should be granted when the pleadings, affidavits and depositions on file disclose no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Howard v. Lear Corp. Eeds and Interiors*, 234 F.3d 1002, 1004 (7th Cir. 2000). When examining the evidence, the Court should resolve all ambiguities and draw all inferences in favor of the non-moving party. *Day v. Colt Constr. & Dev. Co.,* 28 F.3d 1446, 1453 (7th Cir. 1994).

In Illinois, in order to be held liable for negligently entrusting a vehicle to a person who causes injuries while driving said vehicle: 1) the owner must *knowingly* entrust the vehicle to an incompetent or unfit driver; and 2) that incompetency or unfitness must be a proximate cause of the accident that injured the third party. *Jones v. Beker,* 632 N.E.2d 273, 278 (Ill. App. Ct. 1994). The negligent act of giving a vehicle to an unfit driver forms the basis of the tort. *Id.*

Plaintiff first claims that Enterprise is liable for negligent entrustment because it permitted Choi to operate the vehicle in Illinois with an international driver's license. However, in Illinois, a driver is not required to have an Illinois driver's license or permit if that person is a nonresident who has in his immediate possession a valid license issued to him in his home state or country and operates a motor vehicle for which he is licensed for the period during which he is in Illinois. 625 ILCS 5/6-102. Thus, a Korean national (as Choi was on the date Enterprise entrusted the subject vehicle to him) may lawfully operate a vehicle in Illinois without an Illinois driver's license if he has in his possession a valid International Driver's Permit and a valid Korean driver's license. *See id.*

Here, it is undisputed that Choi had both a valid Korean driver's license and a valid International Driver's Permit when he rented the vehicle from Enterprise on December 14, 2006. *See* Exhibit 3, B & C. Therefore, the undisputed evidence shows that Enterprise was not negligent simply for entrusting Choi with the vehicle when he had an "international driver's license" as alleged in the Complaint.

Next, Enterprise argues that it is not liable for negligent entrustment because it is undisputed that Choi had rented multiple vehicles from Enterprise before December 14, 2006. *See* Exhibit 3. Choi, therefore, had proven experience in operating a motor vehicle in Illinois. Choi had never been involved in any motor vehicle accident or had any other incident when operating a vehicle rented from Enterprise. *Id.* On the day Enterprise entrusted the subject vehicle to Choi, he had a valid Korean driver's license as well as a valid International Driver's Permit. *Id.* Enterprise narrowed the scope of its authorization in the rental agreement by authorizing only Choi to operate the subject vehicle. *See* Exhibit 2. Therefore, with proven

3

experience driving in Illinois, a clean driving record and possession of a valid Korean driver's license and International Drivers Permit, there was no reason for Enterprise to know or believe that Choi was an unfit or otherwise incompetent driver as is required for the tort of negligent entrustment.

For these reasons, there remains no genuine issue of material fact as to the allegation of negligent entrustment against Enterprise. Therefore, summary judgment is granted in favor of Enterprise.

## CONCLUSION

For the foregoing reasons, we grant the unopposed summary judgment motion of Defendant Enterprise Leasing Company of Chicago pursuant to Fed.R.Civ.P. 56. (# 16). Judgment is hereby granted in favor of Defendant Enterprise Leasing Company of Chicago on all claims in Plaintiff's Complaint.

This case is set for status on December 20, 2007 at 9:00 a.m.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: November 26, 2007